## Case No. 9,532.

### The MIDAS.

[6 Ben. 173.][1]

District Court, E. D. New York. July, 1872.

COLLISION — VESSEL AT ANCHOR—ICE—FOUL ANCHOR.

The brig N., while lying at anchor in the port of New York, was run into by the bark M., which drifted down upon her with the tide in the night. The defence set up by the bark was, that she was forced from her own anchor by an irresistible field of ice brought down on her by the tide. As to the presence of any such field of ice, there was a conflict of evidence; but the evidence showed that the port anchor of the bark had no stock, and that the chain of the starboard anchor was fouled when it was got up in the morning after the collision. Held, that, on the evidence, the bark had failed to show that the drifting was an inevitable accident.

In admiralty.

J. K. Hill, for libellant.

Beebe, Donohue & Cooke, for claimant.

BENEDICT, District Judge. This is an action to recover of the bark Midas the damages caused by that vessel drifting afoul of the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

brig Napier, at night, while the latter lay at anchor in this harbor. The defence is that the Midas was carried from her moorings by a large field of ice, which caused her to drag her anchor. The presence of any such field of ice, as is sworn to by the claimant's witnesses, or of any ice that should cause a vessel to break away, is wholly denied by several witnesses. The occurrence, as described by the claimant's witnesses, appears to my mind somewhat improbable, but, of course, not impossible. The drifting of the vessel may, however, be accounted for by the fact that the chain of the bark had become wound around the stock and fluke of her anchor, so as to render it unable to bite the ground sufficiently to hold her, when the tide ran ebb. It is proved, and not disputed, that her starboard anchor was found in this condition when it came up next morning, and that this would account for her dragging, and it is also proved and not disputed that her port anchor had no stock at all, and was not therefore an anchor calculated to hold when dropped. In the presence of such proofs, as to the condition of the ground tackle of the bark, and of the evidence in the case casting doubt upon the statement that a large field of ice caused the bark to drift, I must hold that the bark has failed to show that the accident was caused by the overwhelming power of ice, which could not be successfully resisted.

There will accordingly be a decree for the libellant, with an order of reference to ascertain the amount.